IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

ROCHELLE ANNE ZERBA,          )
                                       )
          Plaintiff,              )    TC-MD 190373G
                                       )
       v.                       )
                                       )
DEPARTMENT OF REVENUE,       )
State of Oregon,                )
                                       )
          Defendant.         )    **DECISION**

Plaintiff appealed Defendant's denial of her claimed Working Family Household and

Dependent Care (WFHDC) credit for the 2018 tax year. Plaintiff Rochelle Zerba appeared at

trial *pro se*, and both she and her mother, Margaret Zerba, testified. Defendant was represented

by its auditor, Derek Gorin, who also testified. Plaintiff's Exhibits A to J and Defendant's

Exhibits A to M were received into evidence.

## I. STATEMENT OF FACTS

Plaintiff, her mother, and her two sons reside in the same household, where Plaintiff's

mother cares for both children while Plaintiff works. They participate in the Employment-

Related Day Care program. Pursuant to that program, the state pays Plaintiff's mother a monthly

check for her time caring for her grandchildren, and Plaintiff is responsible for paying her mother

a monthly copay. During 2018, the amount of that copay was initially $339 and thereafter rose

to $433 in August. (Ptf's Ex D at 4–15.)

Plaintiff received monthly child support for one of her sons. Her child support was paid

out by the state in the form of a credit to a rechargeable debit card she held from U.S. Bank

called the ReliaCard. The child support payment arrived as a credit to her ReliaCard account

between the third and seventh of each month. (Def's Ex J.) In June 2018, the amount of child

support Plaintiff received monthly increased from $447 to $694.80. (*Id.*)

According to testimony, in former years Plaintiff had paid her copay to her mother in cash. However, in 2018, the testimony of Plaintiff and her mother was that Plaintiff had not given her mother cash, but instead had given her the use of her ReliaCard because she needed a debit card to pay certain bills. Plaintiff's mother wrote:

> "Payments are made on or by the 7th of each month, however they have been made in different forms due to necessity on my behalf of a valid issued card for my personal bills and costs of living. Generally I have been given use of a card that child support is deposited onto around the same time each month and take my payments in that form instead of check or cash deposit since I have need to make most of my payments in ways that required a valid card and I did not have a personal one. * * *."

(Def's Ex D at 2.) Plaintiff's mother did not use her own checking account in 2018 because her late husband's creditors had begun garnishing it the previous year.

Printouts show accounts in Plaintiff's mother's name for Xfinity and municipal services, and an account in the names both Plaintiff and her mother for Reliable Credit. (Def's Ex K at 1–3.)

Plaintiff's mother issued Plaintiff twelve receipts. (Ptf's Ex D at 1–3.) Each receipt is completed in the amount of the copay due that month and states that payment is "by non-cash," with the word "Visa" included in the payment amount. (*Id.*) The total of the receipted payments to Plaintiff's mother is $4,538, which is also the amount that Plaintiff's mother reported receiving in her written statement. (*Id.*; Def's Ex D at 2.) Each receipt is dated on the seventh of the month. Plaintiff testified that her mother issued the receipts either on the day the child support payment was credited or a few days later, when she first used the money.

Eleven monthly bank statements for the ReliaCard were provided; August is missing. (Def's Ex J at 1–12.) The statements show a beginning balance of $2.27 on January 1, 2018, and

an ending balance of $0.74 on December 31, 2018. Deposits of child support for the eleven months provided total $6,288. In four months—January, May, June, and July—substantially all of the child support payment was withdrawn as cash. Single payments of $394 and $395 were made in September and October to Reliable Credit. Cash withdrawals totaling $348 were made in March. The remainder of the transactions throughout the year consist primarily of a few intermittent utility payments and many smaller purchases from restaurants and stores. Transactions each month began on various dates after money was placed on the card; for example, on January 12, February 10, March 12, April 7, and May 12.

Plaintiff testified that her mother was the exclusive user of the ReliaCard that year. Plaintiff further testified that, to the extent that the card was used for payments exceeding the copay amount, her mother made those payments on behalf of the family's needs.

Plaintiff claimed a $3,404 WFHDC credit on her 2018 return, based on child care expenses of $4,538 paid to her mother. (Def's Ex A at 3, 8–11.) Defendant disallowed the credit on the ground that Plaintiff had not shown payment of the expenses. (Def's Ex H.) Plaintiff now requests that her claimed WFHDC credit be allowed, and Defendant requests that its adjustment be upheld.

## II. ANALYSIS

The issue in this case is whether the evidence shows Plaintiff paid her mother for child care in 2018 and thereby qualified for the WFHDC credit pursuant to ORS 315.264.[1] Because Plaintiff seeks to overturn Defendant's adjustment to her return, she must bear the burden of proof by a preponderance of the evidence. *See* ORS 305.427.

ORS 315.264 establishes a refundable credit for a means-tested percentage of a

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2017.

taxpayer's employment-related expenses, including child care expenses. Among other requirements not at issue here, the expenses "must be paid by the taxpayer claiming the credit." OAR 150-315-0121(6).[2]

Taxpayers must provide sufficient evidence to substantiate the total amount of the claimed expense. *Shirley v. Dept. of Rev.*, TC-MD 130451D, 2014 WL 811543 at *3 (Or Tax M Div Mar 3, 2014). Taxpayers paying in cash face "significant challenges" in proving payment because they lack canceled checks. *Id*.

> "Contemporaneous receipts that are properly completed, including date, name of individual who paid the cash, and amount paid, and signed by the child care provider are essential evidence. Testimony is evaluated in the context of the receipts and other documented evidence."

*Id*. Inadequately explained discrepancies between testimony and the documented evidence diminish the probative value of both. *See*, *e.g.*, *Colin v. Dept. of Rev.*, TC–MD 190216N, 2019 WL 5957284 (Or Tax M Div Nov 12, 2019); *Danielson v. Dept. of Rev.*, TC–MD 180154G, 2018 WL 4944537 (Or Tax M Div Oct 10, 2018).

The payment method alleged in the present case is similar to cash in that there are no canceled checks. While Plaintiff has presented receipts that are alleged to be contemporaneous, the evidence contains important discrepancies.

First, there is a mismatch between the amounts on the receipts and the total amount spent using the ReliaCard during the year. Plaintiff testified that her mother had exclusive use of the ReliaCard in 2018. That account received deposits totaling $6,288 in just eleven months, yet closed the year with a balance of only $0.74. Assuming a similar child support payment was made in August, Plaintiff's mother spent almost $7,000 using the ReliaCard. Yet she wrote

---

[2] Oregon Administrative Rules (OAR)

receipts for $4,538 in payments. The amounts on the receipts closely correspond to Plaintiff's copay obligations under the Employment-Related Day Care program, but do not correspond to the reality of the amount of money on the ReliaCard. Plaintiff's testimony that the excess payments were used for household expenses may be true, but it does not establish the reliability of the receipts as evidence of child care payments.

Likewise, the transaction history on the bank statements does not correspond to the reason given at trial for dating all receipts on the seventh. Testimony was given that Plaintiff's mother wrote the receipt either on the day the money was deposited to the ReliaCard or on the day she first needed the money. That explanation is consistent with only two months' transaction histories: that of April, in which the first transaction occurred on April 7, and that of September, in which the child support was deposited on September 7. The remainder of the months show child support deposits and first transactions on different days.

There is also a discrepancy between the reason given by Plaintiff's mother for receiving payment by ReliaCard (rather than cash) and the pattern of transactions on the card. Plaintiff's mother wrote that she required use of a debit card to pay her personal bills, stating that "most of [her] payments" required such a card. Yet the bank statements show that in four months virtually all of the deposited child support was withdrawn in cash. In two more months, the majority of the child support was used to pay a Reliable Credit account that was in the name of Plaintiff as well as her mother. The utility payments, while in the name of Plaintiff's mother, were household expenses also benefitting Plaintiff, rather than bills personal to Plaintiff's mother. It is unclear why the restaurants and stores accounting for most of the remaining payments would require use of a debit card rather than cash. The transaction history does not support the statement that Plaintiff's mother required a debit card throughout the year—she

apparently used cash for four months—and it provides no clear examples of bills personal to Plaintiff's mother.

It is Plaintiff's responsibility to put forward evidence sufficient to warrant a change to Defendant's determination that she does not qualify for the WFHDC credit. *See* ORS 305.427. The evidence available does not meet the required standard of proof.

## III. CONCLUSION

Plaintiff has not borne her burden of proof. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied.

Dated this _____ day of December 2020.

POUL F. LUNDGREN
MAGISTRATE

*If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within 60 days after the date of this Decision or this Decision cannot be changed. TCR-MD 19 B.*

*Some appeal deadlines were extended in response to the Covid-19 emergency. Additional information is available at https://www.courts.oregon.gov/courts/tax*

*This document was signed by Magistrate Poul F. Lundgren and entered on December 21, 2020.*